PEDRO ROSADO DÁVILA, Plaintiff and Appellee, *v.* RAFAELA A. CABRERA, Defendant and Appellant.

No. 8606. Argued November 3, 1943.—Decided December 3, 1943.

*Zoilo Dueño González* for appellant. *Juan Ramos Lebrón* for appellee.

Mr. Acting Chief Justice Travieso delivered the opinion of the court.

This is a suit for injunction to retain possession of a rural property. The plaintiff alleges that he is in possession of a property containing 1.34 acres (*cuerdas*); that the defendant, "since the month of April 1941, to the date of the filing of this complaint, has been disturbing the plaintiff in his possession" by preventing him from fencing the property and by pulling out the fence posts every time that he has attempted to fence his property. The complaint was filed on April 27, 1942.

On May 4, 1942, the day set for the hearing, in view of the defendant's failure to appear, the court sustained the complaint. On the same day, after the hour set for the hearing had passed, the defendant appeared through her attorney and asked for leave to litigate *in forma pauperis*. She also requested that the judgment rendered against her be set aside, and alleged that she lives in a ward of the Municipal District of San Lorenzo; that although she rose early in the morning, she had to travel on foot to San Lorenzo, where she boarded a bus in order to go to Humacao, and that for that reason and because of the fact that the official time had been changed on that same day in the Island, she arrived in the court some minutes after the latter had adjourned. The motion was accompanied by an affidavit of merits and an answer in which the defendant specifically denied the allegations of the complaint, especially the one relating to the possession of the property by the defendant. As new mat-

ter she alleged that the complaint did not state facts sufficient to constitute a cause of action and was ambiguous, unintelligible, and uncertain; and that during the last twenty years the defendant had been in possession of a property containing four acres, more or less, of which the parcel claimed by the plaintiff forms a part.

On May 25, 1942, the District Court of Humacao rendered a judgment in which it is set forth that "on motion of the attorney for the plaintiff, and as defendant Rafaela Cabrera has failed to answer the complaint or to set up any plea in opposition thereto, the court renders judgment by default against the defendant, sustaining the complaint and issuing a writ of injunction to have the plaintiff retain possession of the property described." The defendant was adjudged to pay the costs and $50 as attorney's fees.

On June 23, 1942, the defendant filed a motion to set aside that judgment and to have the case set for hearing on the merits. In said motion it is alleged that the court "at the request of the parties" had set May 25th to hear the the motion to vacate the judgment, filed by the defendant on May 4, 1942, through her attorney, F. R. Aponte; that said attorney, Mr. Aponte, mailed a notice of said setting to the defendant, but that the letter containing said notice was returned to the attorney marked "unclaimed."

On July 21, 1942, the day set for hearing the motion to set aside the judgment, the attorney for plaintiff appeared but the defendant's attorney failed to do so, although he had been served with notice of the setting. For that reason and because of the failure to file an affidavit to support the motion, the court denied the same.

On August 11, 1942, the defendant filed a notice of appeal. Her attorney has filed a brief in support of the appeal in which he urges (a) that the lower court had no jurisdiction to render judgment by default, as the defendant

had not been served with notice of the setting of the case for May 25, 1942; and (*b*) that the complaint does not state facts sufficient to constitute a cause of action, inasmuch as it is not alleged therein that the plaintiff, within the year next preceding the filing of the complaint, had been in the actual possession of the property in controversy, for which reason the judgment appealed from is void and ineffective.

 (*a*) In our judgment, the lower court acted with jurisdiction. From the record it appears that on May 4, 1942, the day set for the hearing, the defendant was represented by Attorney Mario Orsini, and that the latter, upon the case being called, announced that he had ceased to represent the defendant, without setting up any plea against the complaint. The defendant had been served with notice of the hearing but she arrived after the case had been heard, due to the fact that she had had to travel over a long distance from her house to the court. When she finally arrived, she learned that the attorney to whom she entrusted the defense of her case had abandoned it, and then she engaged another attorney, who was very diligent in filing on that same day, May 4th, a motion to litigate *in forma pauperis,* another motion to set aside the judgment, and a draft of a proposed answer, but who was not so diligent in urging and pressing the setting aside of the judgment. The defendant did not improve her lot by entrusting her representation to still another attorney. The latter moved to set aside the judgment, but he forgot to file with his motion an affidavit of merits and to appear and press the motion on the day which had been set by the court in his presence.

It must be recognized that a little diligence or interest on the part of either one of the three attorneys who represented the defendant at the various stages of the proceeding, would have afforded the trial court an opportunity to exercise its discretion by setting aside the judgment and considering the case upon its merits.

We should not allow this opportunity to pass by without recording our disapproval of the practice of renouncing or abandoning the representation of a client without notifying him sufficiently in advance to enable him to obtain the services of another attorney. An attorney who undertakes to defend the interests of a client is bound to continue to defend them, whether the client be well-off financially or insolvent, until he has given the client an opportunity to procure the services of another defender. No attorney is obliged to represent an insolvent client, but if he accepts such representation, he is bound to defend him with the same diligence, zeal, and interest as if he were a rich client. There was a failure to discharge this professional duty in the case at bar.

■ (*b*) The complaint filed in this case states facts sufficient to constitute a cause of action.

Section 2 of the Act providing proceedings for the recovery of the possession of real property (§691, Code of Civil Procedure, 1933 ed.), prescribes that the complaint for injunction shall set forth:

"(1) That the complainant was within the year preceding the filing of the complaint in the actual possession of the property described in said complaint if it is sought to recover it, and was and is in possession thereof if it is sought to retain it."

In the present case the plaintiff alleges that he is in possession of the property and that since the month of April 1941, the defendant has been disturbing him in his possession. And he prays for an injunction to retain the possession free from any disturbance by the defendant. That allegation is a sufficient compliance with the statutory requisite that the complaint shall set forth that the plaintiff was in possession within the year preceding the filing of the complaint.

■ (*c*) In his oral argument before this court, the attorney for the defendant-appellant called to our attention the

fact that the lower court had rendered judgment against the defendant without the plaintiff having introduced any evidence to support the allegations of his complaint.

The complaint being verified, and being *prima facie* sufficient to state a cause of action against the defendant, and the latter having failed to appear or set up any plea on the day set for the hearing, had the district court power to render the judgment which it rendered without requiring the plaintiff to introduce evidence in support of the allegations of his complaint? Let us consider the law.

Section 1 of the above-cited Act, providing proceedings for the recovery of possession of real property, prescribes "That an injunction for the retention or recovery of material possession of real property shall be granted on petition of the interested party *provided he shows to the satisfaction of the court* that he has been disturbed in his possession or tenancy of said property" (italics ours). Section 2 of the same Act provides that "The complaint shall be drafted and sworn to pursuant to the provisions of the Code of Civil Procedure."

The Act of March 13, 1913, under discussion, originated in, and took the place of, §1651 and successive sections of the Spanish Law of Civil Procedure, which established the "interdictum" to retain and to recover possession as remedies for the summary recovery and protection of possession. An "interdictum" is a summary proceeding the sole purpose of which is to temporarily decide as to the actual and present possession, that is, as to the fact of possession without prejudice to the rights of the interested parties; and also to enjoin or prevent any act which might prejudice or cause damage to the possessor.

Section 1651 of the Spanish Law of Civil Procedure determines the cases in which an "interdictum" to retain or recover possession lies. Section 1652 provides that in the complaint "evidence shall be offered to prove" (1) that the

claimant is in the possession or tenancy of the property, and (2) that he has been molested or disturbed therein, clearly stating the acts constituting such disturbance. Section 1654 provides that "if the testimony should establish the two issues referred to in Section 1652," the judge shall order the parties to be cited to appear at a hearing. According to §1656, "for the hearing the provisions of Section 1644 *et seq.* should be observed, *and it shall be held, even if the defendant should fail to appear.*" (Italics ours.) Said §1656 further provides that only such evidence shall be admitted which relates to the possession of the claimant and to the acts of disturbance or dispossession committted by the defendant.

Manresa in his work *"Ley de Enjuiciamiento Civil,"* vol. 6, pp. 153–154, says:

"We have stated that the hearing which is granted to the defendant in these interdictum proceedings must be an oral trial at which he may allege and prove any matter in his defense. In order that there should be no doubt or abuse upon this point there has been added §1655 whereby it is provided that 'the defendant shall not be allowed to file a petition the purpose of which is to impugn the complaint, or any claim which may delay the holding of the hearing.' The latter shall' be held on the day and at the hour set, *whether or not the defendant appears,* without his being allowed to set up any claim tending to delay the hearings." (Italics ours.)

In discussing this legal question regarding the "interdictum" *Enciclopedia Jurídica Española,* vol. 19, p. 786, says:

"These particulars must be established in the only way in which it can be done, inasmuch as they relate to matters which are visible to the people, that is, by means of witnesses, whose testimony shall be offered in the complaint itself in order to prove that the claimant or his predecessor in interest is in the possession or tenancy of the property, and that he has been molested or disturbed therein, or that he has good reasons to believe that he will be so molested or disturbed, or that he has already been deprived of said possession or tenancy.

"In order that the evidence may produce the desired effect, that is, in order that it may be effective, it is necessary to duly point out and establish therein, in a way which will leave no room for the slightest doubt, the overt acts of said disturbance, or of the attempt to commit said disturbance, or of the dispossession, and it should be stated whether the acts were committed by the defendant or by some other person at his instance, specifying the particulars of this last·assertion in order that it may be established whether such third person acted for himself or as an agent of the person against whom the action is directed.

"If after the testimony has been taken, the same should establish the two particulars above mentioned, the judge shall order the parties to be cited to appear at a hearing, which shall conform to the rules established for the analogous hearing in the case of an interdictum to acquire possession."

From the foregoing it is inferred that when providing that an injunction for the retention of possession shall be granted on petition of an interested party "provided he shows, to the satisfaction of the court, that he has been disturbed in the possession or tenancy of said property," the intention of the lawmaker was that the applicant for the injunction to retain possession must establish, by means of evidence satisfactory to the court, the fact that he is in actual possession of the property, and the facts constituting the alleged disturbance; and that the evidence regarding those facts must be produced, even if the defendant fails to appear on the day set for the hearing.

The case of *Valle* v. *Arroyo,* 59 P.R.R. 170, presents a situation different from that in the case at bar. In the cited case, the defendant appeared and demurred to the complaint on the ground of insufficiency. The district court rendered judgment upon the pleadings and the defendant appealed. Taking into account that a demurrer of this kind involves an admission of the truth of the facts alleged in the complaint, we held that where in a suit for injunction to recover possession the complaint contains all the allegations required by §691 of the Code of Civil Procedure, a judgment

on the pleadings is proper. In the case at bar, the defendant failed to appear or to set up any plea against the complaint. The plaintiff was bound to prove to the satisfaction of the court, the essential allegations of his complaint. It was error for the trial court to render judgment in favor of the plaintiff without requiring the latter to introduce any evidence.

The judgment appealed from must be reversed and the case remanded to the lower court for further proceedings not inconsistent with this opinion.